TATE, Justice.
The defendant was charged with attempted murder, La.R.S. 14:27, 14:30, convicted of attempted manslaughter, La.R.S. 14:27, 14:31, and sentenced to ten years at hard labor.
On his appeal, he relies upon two bills: one taken to a denial of a defense motion made at the close of the state’s case for the court to appoint a psychiatrist to testify for the indigent defendant; the other taken to a denial of a motion for a new trial, essentially based upon the same ground.
The purpose of the motion made at the close of the state’s case was as follows: The court was requested to appoint an expert psychiatrist “in order that he may testify as to the effect of a person on drugs as to whether or not they are aware of the proceedings going on around them and whether or not they can distinguish right from wrong.” The defendant urges that such evidence was material and necessary, since he was on trial for a crime requiring specific intent.
The appointed counsel for the defendant skillfully argues that, until the prosecution *286 witnesses so testified at the trial, he could not have anticipated that his indigent client had a possible defense of drug-intoxication which thus negatived the specific intent required, La.R.S. 14:15(2). He urges that, therefore, the indigent he represents had, by reason of the constitutional guarantee of a fair trial under our adversary system, the right to obtain appointment of an expert necessary to make a credible defense in this regard.
Under the facts here presented, we do not believe the trial court abused its discretion in the matter.
The victim and a witness described the wild and apparently senseless conduct of the defendant, which ended with the latter shooting the victim three times. The victim testified several times to his opinion that the defendant was “high on some kind of drug”.
The two defense witnesses testified as to the defendant’s erratic behavior. They testified he did not act as if he was normal.
The opinion testimony of a psychiatrist so sought would not, under the present circumstances, have had much probative value, assuming it was even relevant. As the trial court noted, there was no physical examination at the time of the offense, and there was no evidence that the defendant was, in fact, under the influence of drugs (or even of what kind), other than the opinion of the victim based solely on the defendant’s erratic behavior and look. The general opinion of a psychiatrist of the effect of drugs on a person, not necessarily the defendant, would tend to be purely speculative as applied to the actual facts of this case.
We are, therefore, unable to find merit to the bills reserved.
Accordingly, the conviction and sentence are affirmed.
Affirmed.